UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 29 2012

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.

QUORNE LIMITED and
MICHAEL SARKESIAN,

    Defendants.

Case No. 10-cv-9560 (GBD)

ECF

## FINAL JUDGMENT AS TO QUORNE LIMITED AND MICHAEL SARKESIAN

The Securities and Exchange Commission having filed an amended complaint, and Defendants QUORNE LIMITED and MICHAEL SARKESIAN (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the amended complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and each Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $616,000.00, representing profits gained as a result of the conduct alleged in the amended complaint, and a civil penalty in the amount of $93,806.17 pursuant to Exchange Act Section 21A [15 U.S.C. § 78u-1]. Defendants shall satisfy this obligation by paying $709,806.17 within fourteen (14) days after entry of this Final Judgment. This payment shall be made from the proceeds in the UBS Securities, LLC or UBS Securities Ltd. accounts frozen pursuant to this Court's Temporary Restraining Order, entered December 23, 2010, and, as necessary, from additional payments by Defendants. The Court's prior orders freezing the proceeds in the UBS Securities, LLC and UBS Securities Ltd. accounts are hereby lifted for the sole purpose of permitting Defendants to make payment pursuant to this Final Judgment. Payment shall be by certified check, bank cashier's check, United States postal money order, or wire transfer, payable to the Clerk of the Court. Payment shall be accompanied by a letter identifying Quorne Limited and Michael Sarkesian as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying

that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of the payment and letter to Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. Upon the Clerk's acknowledgment that it has received the full amount due pursuant to this paragraph, the Temporary Restraining Order, and any and all other orders of this Court freezing the proceeds, funds, or assets of Defendants, shall be lifted for all purposes, without further order.

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, neither Defendant shall, after offset or reduction of any award of compensatory damages in any Related Investor Action based

on the payment of disgorgement in this action, argue entitlement to, nor further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant for whom the Penalty Offset is granted shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against one or both Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the amended complaint in this action.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that each Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that each Defendant shall comply with all of his or its undertakings and agreements set forth within his or its respective Consent.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: MAR 29 2012

_____
THE HONORABLE GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE